[Civ. No. 9389.  First Appellate District, Division Two.—January 8, 1935.]

BOYD DINGMAN, an Incompetent, etc., Respondent, v. J. E. FRENCH COMPANY (a Corporation), et al., Appellants.

Bronson, Bronson & Slaven and John H. Painter for Appellants.

Ingemar E. Hoberg for Respondent.

NOURSE, P. J.—Plaintiff had a verdict for $8,000 for personal injuries suffered by him when struck by defendants' truck. The defense rested on a purported release and satisfaction signed by plaintiff two days after the accident. This the plaintiff rescinded in due time upon the grounds that he was incompetent and that it had been procured by fraud.

The negligence of defendants causing the injuries is scarcely disputed. Plaintiff's evidence supporting the verdict was that, while he was crossing in the pedestrian lane at the intersection of Van Ness Avenue and McAllister Street in San Francisco, he was struck by defendants' truck, which was traveling at an excessive speed and contrary to the electric traffic signals. The sufficiency of the evidence of the fraudulent procurement of the release is not questioned by the appellants. Three persons representing themselves as lawyers went to the hospital ward where plaintiff was confined and tendered him a written document which they represented to be contract of employment. The plaintiff had lost his glasses in the accident and asked a patient to read the document to him. This patient testified that the paper read

by him was in fact a contract employing counsel to handle plaintiff's case on a basis of twenty-five per cent. No such document could be found or produced thereafter. The defendants did produce a similar printed paper signed by the plaintiff in which he released defendants from all claims known and unknown on payment of the sum of $1,000. Some time after this occurrence one of the three tendered a check to plaintiff for the sum of $800, which the latter refused to accept.

Since the appellants do not question the sufficiency of the evidence either on the issue of their negligence or on the issue of the fraudulent procurement of the release, and since they do not attack the proof of respondent's injuries nor the size of the verdict, the points which they raise become highly technical.

■ Their first point relates to a ruling made in the examination of a witness. The respondent had been committed to the Mendocino State Hospital in July, 1929, as an inebriate; he had been committed to the Napa State Hospital in July, 1930, as an insane person; while at Napa he had been asexualized under the provisions of the statute authorizing the asexualization of those afflicted with "mental disease"; he had been released from Napa about six months before the accident. After proof of these facts and testimony of five physicians that respondent was mentally unable to understand the nature of the contract of release when it was signed, the appellants called as a witness one of the examining physicians upon whose testimony the respondent had been committed to the Napa hospital. This witness was asked if there was anything in the order of commitment which indicated that the case was other than an alcoholic case. An objection to this question was sustained. It was the purpose of the appellants to show by this witness that the commitment as "an insane person" did not necessarily mean that the respondent was incompetent to transact business. This was a question of law which should have been covered by appropriate instructions. There was no error in the ruling.

■ Criticism is made of the instruction relating to the scope of the release with regard to unknown claims. The instruction was in the words of section 1542 of the Civil Code, but it had no application to the facts of this case be-

cause the release signed expressly included unknown claims. As the respondent did not sue for or recover upon any unknown claims the error of the instruction was harmless.

■ The instruction holding that if the release was obtained through the fraud of the parties not acting as agents of the respondent then the appellants could not take advantage of the unfair settlement followed a settled rule of law that a principal may not profit through a contract knowingly obtained through the fraud of a third party for his benefit. (12 R. C. L., p. 402; *Wilson* v. *Terminal Rys.*, 48 Cal. App. 343, 349 [191 Pac. 975].)

■ There was no error in the court's refusal to give appellants' proposed instruction to the jury that it should deduct from its verdict the sum of $1,000, "which amount he had already been paid". The evidence was that such amount had not been paid to respondent. The jury's verdict will be assumed to have covered only the actual damages shown to have been suffered by the respondent. Prior to the trial he offered to restore to the appellants anything which he may have received through the fraudulent release. This may be done upon the settlement of the judgment if it should appear that respondent has received anything of value which should be restored.

Other assignments do not require consideration.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 7, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 28, 1935.